IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

KRISTEN SMITH,

                Petitioner,                OPINION and ORDER

    v.

                                              21-cv-129-jdp
UNITED STATES OF AMERICA,                14-cr-24-jdp

                Respondent.

---

Petitioner Kristen Smith was convicted by a jury of kidnapping her half-sister's infant son, and I sentenced her to the mandatory minimum 25-year term of incarceration. Her conviction was upheld on appeal, *United States v. Smith*, 831 F.3d 793, 795 (7th Cir. 2016). In 2016, Smith moved to vacate her sentence under 28 U.S.C. § 2255 on the ground that her trial counsel was ineffective. *See* Case No. 14-cr-24-jdp, Dkt. 152. I denied that motion on the merits, finding that Smith failed to show that her trial counsel's work was deficient, and regardless, that she did not show prejudice because evidence of her guilt was overwhelming. *See* Case No. 14-cr-24-jdp, Dkt. 154.

In February 2021, Smith filed the motion that is now before me, again seeking to vacate her sentence under 28 U.S.C. § 2255 on the grounds that her trial counsel was ineffective, and that her sentence was erroneous. Due to a docketing oversight, Smith's motion wasn't brought to the court's attention until recently.

Under 28 U.S.C. §§ 2255(h) and 2244, an individual cannot file a second or successive motion for habeas relief unless she first gets approval from the court of appeals. This is Smith's second motion under § 2255 and she has not obtained approval from the court of appeals, so I must dismiss the motion for lack of jurisdiction. *Adams v. United States*, 911 F.3d 397, 403

(7th Cir. 2018). Although she submitted her motion to this court, she attached to the motion a brief whose caption states that it was intended for the Court of Appeals for the Seventh Circuit. My review of court records shows that Smith has not filed the motion with the Seventh Circuit, so I will direct the clerk of court to forward her submission to the court of appeals.

Under Rule 11 of the of the Rules Governing Section 2255 Cases, I must issue or deny a certificate of appealability when entering a final order adverse to a petitioner. I cannot issue a certificate of appealability unless a petitioner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *Tennard v. Dretke*, 542 U.S. 274, 282 (2004). This means that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotations and citations omitted). Although Rule 11 allows me to ask the parties to submit argument about whether a certificate should issue, it is not necessary to do so in this case. As I explained above, because Smith did not obtain approval from the court of appeals I must dismiss her motion for lack of jurisdiction. Reasonable jurists would not disagree about this outcome, so I will not issue Smith a certificate of appealability.

ORDER

IT IS ORDERED that:

1. Petitioner Kristen Smith's petition under 28 U.S.C. § 2255, Dkt. 156, is DISMISSED for lack of jurisdiction because Smith failed to obtain authorization from the Court of Appeals for the Seventh Circuit.

2. Smith is DENIED a certificate of appealability. She may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22.

3. The clerk of court is directed to forward Smith's petition and supporting brief to the court of appeals.

Entered October 5, 2022.

                                      BY THE COURT:

                                      /s/

                                      _____
                                      JAMES D. PETERSON
                                      District Judge